LINCOLN HOSPITAL, a corporation, complainant-appellant,

*v.*

PURITAN BUILDING AND LOAN ASSOCIATION OF NEWARK, NEW JERSEY, a corporation, defendant-respondent.

[Argued June 2d, 1936. Decided October 2d, 1936.]

*Mr. Jacob L. Newman* (*Mr. Saul J. Zucker* and *Mr. James A. Castner,* on the brief), for the complainant-appellant.

*Mr. Joseph Altman* (*Mr. Philip Gaudiosi,* of counsel), for the defendant-respondent.

PER CURIAM.

The purpose of the bill of complaint was to relieve Dr. Abraham Rothseid and Miss Edna L. Bennett of a mortgage bond obligation. The defendant building and loan association, in March, 1928, advanced $115,000 to the B. & R. Holding Company on bond and mortgage. The individuals above named signed the bond as personal obligors. In December, 1930, the premises were conveyed to the Lincoln Hospital, a

corporation, and by May, 1935, the loan had, by part payments, been amortized in the sum of $37,000, leaving $78,000 due.

The parties in interest made application "to recast the loan," which was done by the execution of a new building and loan mortgage in the sum of $39,000 and a new straight mortgage for $39,000, the object being to reduce the monthly payments under the building and loan plan and also to refund the arrears. The application was granted and the terms as approved contained the following language: "The straight loan to be for three years, with option to renew for two additional periods of three years each. In other respects the terms and conditions of the present bond and mortgage are to be followed."

The new bonds and mortgages were executed by Dr. Rothseid and Miss Bennett as signatories for the hospital corporation. They did not sign as personal obligors. When it was called to their attention they refused to do so. The hospital corporation filed the bill in this cause to compel the defendant building and loan to surrender the old bond and mortgage, upon which Dr. Rothseid and Miss Bennett were obligors, for cancellation. The court found as a fact that the building and loan association, in accepting the refinancing of its mortgage, did not agree to relieve the individuals of their personal obligation with regard to the mortgage debt.

We agree with that conclusion and the decree will be affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 11.

*For reversal*—None.